**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1381-18T3

ANASTASIOS JEANNIDIS,

    Plaintiff-Appellant,

v.

DAVID DE CLEMENT,

    Defendant-Respondent.

_____

Argued telephonically June 24, 2020 –
Decided July 17, 2020

Before Judges Accurso and DeAlmeida.

On appeal from the Superior Court of New Jersey,
Law Division, Gloucester County, Docket No. L-
1575-16.

Anastasios Jeannidis, appellant, argued the cause pro
se.

John T. Ambrosio argued the cause for respondent
(Ambrosio & Associates, LLC, attorneys; John T.
Ambrosio, on the brief).

PER CURIAM

Anastasios Jeannidis appeals from a September 14, 2018 order dismissing his complaint against attorney David De Clement with prejudice for failure to comply with the Affidavit of Merit statute, N.J.S.A. 2A:53A-26 to -29, and an October 26, 2018 order denying his motion for reconsideration. Because plaintiff failed to file his affidavit within the extended 120-day period permitted by statute, we affirm.

Plaintiff filed his complaint for legal malpractice and breach of fiduciary duty in late 2016, alleging defendant made distributions from his attorney trust account prior to a third-party having posted a standby letter of credit as agreed. Plaintiff apparently had difficulty serving the complaint, and service was only accomplished after plaintiff obtained an order for substituted service in December 2017. Following the denial of defendant's motion to dismiss, he filed an answer on April 9, 2018, including a five-day demand for a statement of damages pursuant to Rule 4:5-2 and a sixty-day demand for an affidavit of merit.

Plaintiff responded with a statement of damages, but failed to file an affidavit of merit within sixty days of defendant's answer. On June 12, 2018, defendant's counsel wrote to plaintiff, who is self-represented, advising that

his affidavit of merit was overdue, and if not received within seven days that defendant would file a motion to dismiss the case with prejudice.

Defendant filed a motion to dismiss for plaintiff's failure to comply with the statute on August 1, 2018. Judge Chell granted the motion on September 14, finding the affidavit plaintiff tendered on September 13 was untimely, even had plaintiff requested and received a permitted sixty-day extension, which he had not done.

Plaintiff moved for reconsideration, contending the court had failed to consider the affidavit of merit he filed with the court on September 13, that he had demonstrated excusable neglect for not serving the affidavit sooner, and that the drastic sanction of dismissal was not warranted. Judge Chell denied the motion. He explained he had considered the affidavit submitted but found it was filed beyond the time permitted by statute and that none of the established exceptions excusing compliance applied, mandating dismissal of the complaint.

Plaintiff appeals, contending the trial court erred in dismissing his complaint "for late filing of the affidavit of merit," and, even if the affidavit was late, "the trial court committed reversible error in not accepting it." Specifically, plaintiff contends defendant filed his answer after the case had

3

been dismissed. He argues it should therefore "be considered a nullity and no procedural time limits should 'run' therefrom."

Although plaintiff asserts his case was dismissed on March 29, 2018, he points to nothing in the record to establish that fact, and we find nothing to suggest it. Defendant claims he only filed his answer on April 9, 2018, after his initial motion to dismiss was denied ten days earlier and the record reflects that plaintiff responded to the request for a statement of damages in defendant's answer on April 25, 2018. Accordingly, we reject his contention that his sixty-day period for filing an affidavit of merit never began.

There is no question here but that plaintiff sued defendant for legal malpractice, thus requiring the filing of an affidavit of merit. See N.J.S.A. 2A:53A-27. Plaintiff does not argue otherwise. Although there was no Ferreira[1] conference held, for reasons not explained on the record, it has been the law for a decade that "reliance on the scheduling of a Ferreira conference to avoid the strictures of the Affidavit of Merit statute is entirely unwarranted and will not serve to toll the statutory time frames." Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 426 (2010). Defendant advised

---

[1] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

plaintiff of the statutory requirement for an affidavit of merit in the answer and again wrote to him at the sixty-day mark to note the affidavit was overdue. Because we agree with Judge Chell that plaintiff has not presented extraordinary circumstances to excuse his failure to timely file an affidavit of merit, see A.T. v. Cohen, 231 N.J. 337, 348 (2017), we need not consider defendant's alternative grounds that the affidavit of merit plaintiff belatedly presented, drafted by a New York attorney who had not read the complaint, would not pass muster under the statute, and that defendant's client was plaintiff's corporation and not plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1381-18T3